UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHANNON MOLINARI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:16-CV-133-TAV-CCS ) |
| STONE & HINDS, P.C., | ) ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

This civil action is before the Court on defendant's Amended Motion to Dismiss [Doc. 22]. Plaintiff filed a response in opposition to defendant's motion [Doc. 27], and defendant replied [Doc. 30]. For the reasons below, the Court will grant the motion to dismiss.

**I. Background**[1]

In 2008, Ford Motor Credit Company, LLC ("Ford") brought an action against plaintiff in the General Sessions Court of Wilson County, Tennessee, to collect an owed debt [Doc. 1-1]. The debt was reduced to a final judgment, and the same court—at the request of defendant, on behalf of Ford—subsequently issued two writs of wage garnishment in 2013 and 2015, respectively, to plaintiff's employers, Dell and Insight Global [Docs. 1-1, 1-2].

---

[1] For the purposes of the motion to dismiss, the Court takes plaintiff's factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint" (citations omitted)). To the extent that plaintiff's factual allegations essentially consist of legal conclusions, however, the Court will not assume the truth of those assertions. Additionally, the Court will only recite facts necessary to decide the current motion to dismiss.

These writs were served upon the employers' agents within the state of Tennessee [Docs. 1-1, 1-2].

Plaintiff moved from Tennessee to Texas in 2011, and in 2013, she notified defendant that she had become a legal resident of Texas [Doc. 1 ¶ 22]. Plaintiff's wages continued to be withheld after she moved [*Id.* ¶ 25]. Accordingly, on October 27, 2015, plaintiff brought suit in the U.S. District Court for the Western District of Texas against defendant, alleging violations of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392 [*Id.* ¶¶ 37, 57–79]. Defendant filed a motion to dismiss the action or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1406(a), due to lack of personal jurisdiction [Doc. 4]. On March 18, 2016, Judge Pitman of the Western District of Texas sustained defendant's objections to lack of personal jurisdiction and consequently transferred the action to this Court [Doc. 9].[2]

Plaintiff claims that defendant is "currently conducting business in the State of Texas as a debt collector" and is therefore bound by the regulations governing Texas debt collectors [Doc. 1 ¶ 5]. Plaintiff asserts—and defendant does not dispute—that debt collectors must pay a bond before conducting business in Texas, and defendant is not bonded in Texas [*Id.* ¶ 10]. Additionally, defendant does not deny that Texas courts may not order the garnishment of wages—other than for child support or spousal support—under the Texas Constitution. *See* Tex. Const. art. XVI, § 28 ("No current wages for personal service shall ever be subject

---

[2] In particular, Judge Pitman held that the court did not have specific jurisdiction over defendant because "[d]efendant's conduct exclusively occurred in Tennessee. Though [d]efendant has not rescinded the writs of garnishment served upon Tennessee employers, [d]efendant has not 'availed itself' of the benefits of the state of Texas" [*Id.* at 30].

to garnishment, except for the enforcement of court-ordered: (1) child support payments; or (2) spousal maintenance.").

The parties are in disagreement, however, as to whether defendant is subject to these restrictions—and consequently in violation of the FDCPA and TDCA—based upon the garnishing of plaintiff's wages while she resides in Texas pursuant to the Tennessee state court judgment. Plaintiff claims that defendant "ha[s] not satisfied the legal requirements to collect any debt in the State of Texas" and is therefore acting in violation of the TDCA by "collecting a debt by using false, misleading, unfair and unconscionable debt collection conduct and representations" [Doc. 1 ¶¶ 9, 29]. Additionally, plaintiff argues that, by garnishing her wages, defendant is "collecting a debt they cannot legally collect in Texas," and thereby "maliciously, willfully, and/or negligently violating the Fair Debt Collection statutes in an attempt to collect [p]laintiff's alleged debt" [*Id.* ¶¶ 25, 31].

Defendant states that plaintiff has failed to point to any such action by defendant, "other than the undisputed fact the [defendant] applied for, and obtained from the Tennessee state court, writs of garnishment as to two of [plaintiff's employers]" [Doc. 22 ¶ 2]. Consequently, defendant moves this Court to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff has failed to state a claim upon which relief can be granted because "[w]age garnishment of Texas residents by other courts is *not* prohibited," and the continuing garnishment of wages does not qualify as the institution of a legal action [*Id.* ¶ 11].

3

## II. Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure sets forth a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). It requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557)).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In doing so, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-

4

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

**III. Analysis**

Defendant argues that plaintiff's claims should be dismissed under Rule 12(b)(6) primarily based on the Full Faith and Credit Clause of the United States Constitution [Doc. 22 pp. 5–10]. Thus, the Court will begin by giving an overview of the Full Faith and Credit Clause and related law, then it will apply the law to this case.

**A. Full Faith and Credit Clause**

The Full Faith and Credit Clause states: "Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state." U.S. Const. art. I, § 1. It demands that "a properly proven foreign judgment or final, enforceable order must be recognized and given effect coextensive with that to which it is entitled in the rendering state." *Daus v. Daus*, No. 05–13–00060–CV, 2014 WL 2109379, at *2 (Tex. App. May 14, 2014).

Wage garnishment continues from, and is ancillary to, an original garnishment order—it is not a free-standing, legal action. *See Pitts v. Dallas Nurseries Garden Ctr., Inc.*, 545 S.W.2d 34, 37 (Tex. Civ. App. 1976) ("[P]ost-judgment garnishment is ancillary to the original proceedings and is the extension and enforcement of the trial court's judgment."). Thus, the continued garnishment of an individual's wages is not categorized as the institution of an original legal action.

Consequently, pursuant to the Full Faith and Credit Clause, Texas courts have repeatedly held that they may not interfere with the enforcement of sister states' valid

5

garnishment orders, even when a Texas court would not have been permitted to issue the same order against a Texas resident. *See Daus*, 2014 WL 2109379, at *3 ("The confirmation of an order from a foreign court may result in the garnishment of a Texas resident's wages even though a Texas court would be limited or precluded from issuing the same substantive order against a Texas resident."); *Knighton v. Int'l Bus. Machines Corp.*, 856 S.W.2d 206, 207 (Tex. App. 1993) ("The issue is when no action has been requested to enforce the valid judgment of a sister state, should Texas courts interfere with such enforcement because the judgment contains an income deduction order. We conclude Texas courts should not."); *Baumgardner v. S. Pac. Ry. Co.*, 177 S.W.2d 317, 319–20 (Tex. Civ. App. 1943) (according full faith and credit to a valid Arizona judgment and holding that a Texas employee's wages could be garnished despite Texas's contrary policy).

In *Knighton*, a Florida court dissolved the plaintiff and his former wife's marriage and ordered the plaintiff to pay a weekly sum for alimony. 856 S.W.2d at 208. The plaintiff later moved to Texas and remained a Texas resident from that time forward. *Id.* He refused to pay alimony as ordered by the Florida court, and his ex-wife brought a motion for contempt seeking enforcement of the judgment. *Id.* The trial court then entered an income deduction order that directed the plaintiff's employer to garnish his wages. *Id.* The plaintiff subsequently filed suit in Texas against his former wife and his employer, "seeking a declaratory judgment that the Florida orders constituted an illegal garnishment in violation of the laws and the Texas Constitution." *Id.*

Upholding the trial court's grant of summary judgment in favor of the defendants, the Texas Court of Appeals in *Knighton* noted that "[w]hen a foreign judgment appears to be a

6

valid, final, and subsisting judgment, its introduction makes a *prima facie* case for the party seeking to enforce it, and the burden is on the party resisting the judgment to establish that it is not final and subsisting." *Id.* at 210. The plaintiff in *Knighton* did not dispute the Florida judgment's finality, and he conceded that the judgment was entitled to full faith and credit. *Id.* Rather, the plaintiff asserted that "the judgment entered by the Florida court cannot be enforced in Texas by the garnishment of wages, which is against the public policy of this State except for the payment of child support."[3] *Id.*

The court rejected this argument and set forth the following analysis: "In the instant case, the Texas courts need do nothing to enforce the valid Florida judgment. Knighton's employer . . . is subject to the jurisdiction of the Florida court and [the defendant's] only request is that Texas courts not interfere." *Id.* at 210. The court distinguished these circumstances from a "case wherein a party is seeking a Texas court order garnishing wages for the enforcement of a valid foreign judgment. That situation is clearly a different matter because Texas courts would then be asked to do an act which violates our constitution." *Id.* Consequently, the Texas court did not interfere with the Florida judgment, and it allowed the plaintiff's wages to be garnished pursuant to the Florida court order while the plaintiff resided in Texas. *Id.*

---

[3] Plaintiff argues that defendant misapplies *Knighton* because "that subject of the garnishment was for 'alimony,' which Texas garnishment law allows" [Doc. 27 ¶ 19]. The Court notes, however, that when *Knighton* was decided, Texas only allowed the garnishment of wages for the payment of child support. Since *Knighton* was rendered, Texas amended Article 16, Section 28 of its constitution to permit Texas courts to order wage garnishments for the purpose of spousal support. Tex. Const. art. XVI, § 28. Consequently, plaintiff's argument in this respect is misguided.

7

Additionally, as noted in *Knighton*, "[a] state cannot deny full faith and credit to another state's judgment solely on the ground that it offends the public policy of the state where it is sought to be enforced." *Id.* at 209 (internal citation omitted). Rather, "[t]he Full Faith and Credit Clause requires that a valid judgment or final order from one state be enforced in other states regardless of the laws or public policy of the other states." *Daus*, 2014 WL 2109379, at *2.

In sum, a Texas resident's wages can be garnished pursuant to a foreign court's order, in spite of Texas's public policy against the garnishment of wages for most purposes. *Texaco, Inc. v. LeFevre*, 610 S.W.2d 173, 176 (Tex. Civ. App. 1980).

**B.    Application**

Here, as in *Knighton*, plaintiff does not dispute the validity or finality of the Tennessee judgment. 856 S.W.2d at 209. Rather, plaintiff argues that the garnishment of her wages after she moved to Texas violates the FDCPA and TDCA because the Texas Constitution does not allow wage garnishment of this type and because defendant is not bonded in Texas.[4]

---

[4] Plaintiff argues that defendant must follow Texas debt collection regulations and procedures because "[d]efendant was collecting an alleged debt from [p]laintiff when they knew she was a Texas resident and they are doing business in Texas" [Doc. 27 ¶ 2]. The continued garnishment of plaintiff's wages after she became a Texas citizen, however, flowed from the Tennessee state court judgment. *See Pitts v. Dallas Nurseries Garden Ctr., Inc.*, 545 S.W.2d 34, 37 (Tex. Civ. App. 1976) ("[P]ost-judgment garnishment is ancillary to the original proceedings and is the extension and enforcement of the trial court's judgment."). Refusing to rescind writs of garnishment served upon plaintiff's Tennessee employers after she moved to Texas does not amount to "doing business in Texas" [Doc. 9 p. 4].

Defendant has not, however, requested that a Texas court enforce its order. Despite plaintiff's contention to the contrary, defendant does not need to do anything else to have its Tennessee judgment recognized.[5] Defendant did not file a debt collection action in Texas, and it did not file an application for a writ of garnishment in a Texas court.[6] It has not instituted legal proceedings in Texas. Rather, defendant has "asked only that Texas give full faith and credit to the order" rendered in Tennessee. *Daus*, 2014 WL 2109379, at *3. As stated by Judge Pitman, "Defendant obtained writs of garnishment from a Tennessee court, reduced those writs to judgment against a Tennessee resident, and served the writs upon employers (Dell and Insight Global) that maintain offices in Tennessee" [Doc. 9 p. 4]. In filing claims against defendant for the continuing garnishment of her wages, plaintiff essentially asks this Court to interfere with the admittedly valid Tennessee judgment.

---

[5] Plaintiff contends that the Good Faith and Credit Clause is not applicable because defendant never filed or abstracted its Tennessee judgment in Texas [Doc. 27 pp. 11–13]. Although defendant could have chosen to enroll the judgment in Texas under the Uniform Enforcement of Foreign Judgments Act ("UEFJA"), it instead served wage attachments upon plaintiff's employers in Tennessee, in accordance with Tennessee law, which is an acceptable alternative method of wage garnishment. *See Mensah v. MCT Fed. Credit Union*, 446 Md. 525, 531 (2016) ("An alternative garnishment method [to the UEFJA] that MCT sought to utilize involved the satisfaction of the money judgment through wage attachment served on the employer's . . . Maryland resident agent."). The fact that plaintiff thereafter lived in Texas does not undermine the Tennessee judgment's validity or finality.

[6] This point, among others, differentiates the current case from *Collins v. Erin Capital Mgmt., LLC*, 991 F. Supp. 2d 1195 (S.D. Fla. 2013), as cited by plaintiff in her response to defendant's motion to dismiss [Doc. 27 ¶ 3]. In *Collins*, the defendant allegedly failed to register as a debt collector and obtain the relevant Florida license before initiating garnishment actions against the plaintiffs. 991 F. Supp. 2d at 1204. In contrast, here, defendant obtained writs of garnishment from a Tennessee state court, reduced the writs to a judgment, and served them upon plaintiff's employers in Tennessee [Doc. 9 p. 4]. Defendant has not filed a wage garnishment action in Texas state court.

This Court finds that it must give full faith and credit to the Tennessee state court judgment and that it should not interfere with "the extension and enforcement of the trial court's judgment," *Pitts*, 545 S.W.2d at 37, for "no action has been requested to enforce the valid judgment." *Knighton*, 856 S.W.2d at 207. This outcome is appropriate even though the Tennessee state court ordered the garnishment of plaintiff's wages. *Id.*

Plaintiff's claims under the FDCPA and the TDCA are strictly based upon defendant's alleged failure to follow Texas debt collection procedures and its continuing garnishment of plaintiff's wages while she resides in Texas [Doc. 1]. As discussed herein, defendant has not failed to comply with the FDCPA and TDCA under the facts presented. Even while construing the complaint in the light most favorable to plaintiff and accepting her factual allegations as true, *Directv*, 487 F.3d at 476, the Court finds that plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, plaintiff has failed to state a claim upon which relief can be granted, and this Court finds that her complaint must be dismissed pursuant to Rule 12(b)(6).

## IV.  Conclusion

For the reasons stated herein, the Court will **GRANT** defendant's Amended Motion to Dismiss [Doc. 22]. Accordingly, the Clerk will be **DIRECTED** to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE
